UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DUSTIN LAMAR SAMUELS, :
:
      Plaintiff, :      Civ. No. 16-1289 (RBK) (KMW)
:
v. :
:
HEALTH DEPARTMENT, et al., :      **OPINION**
:
      Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Dustin Lamar Samuels, is a pretrial detainee lodged at the Burlington County Jail. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Mr. Samuels' federal claims against one defendant will be dismissed with prejudice and will be dismissed without prejudice against the remaining defendants. The Court will decline to exercise supplemental jurisdiction over any state law claims that are included in the complaint.

## II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. The complaint names three defendants: (1) Health Department – Burlington County Jail; (2) Burlington County Freeholders; and (3) Warden Shultz.

Mr. Samuels' complaint arises from his conditions of confinement while detained at the Burlington County Jail. He states that in January, 2016, he was placed in a cell with other inmates and he did not have a mattress to sleep on. Thus, he was forced to sleep on the floor by the toilet. Mr. Samuels complained to a correctional officer (Sgt. Inman) about getting a cell with a bed, but the correctional officer told him that it was "not his call."

Mr. Samuels developed extreme neck and back pains as a result of sleeping on the floor. He put in a request for a mat that was never responded to. On January 29, 2016, Mr. Samuels explains that he woke up with urine, ants and a mouse on him. He states that his back pain has gotten worse.

He tried to take a warm shower to relieve some of this pain, but only cold water came out of the shower. Mr. Samuels states that he has filed grievances to obtain a mat and has also put in medical requests for his back and neck pain.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation

was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV.   DISCUSSION

A. Health Department

Mr. Samuels first names the "Health Department" as a defendant in this action. However, a prison's medical department is not a "person" under § 1983. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-456 (3d Cir. 2011) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Accordingly, Mr. Samuels' federal claims against the Health Department will be dismissed with prejudice.

B. Burlington County Freeholders & Warden Shultz

As indicated above, Mr. Samuels also names Warden Shultz and the Burlington County Freeholders as being liable based on the conditions of his confinement. This Court need not determine whether the conditions Mr. Samuels alleges he is suffering from rises to the level of a constitutional violation. Indeed, even assuming *arguendo* that the conditions Mr. Samuels is purportedly suffering from rises to the level of a constitutional violation, he fails to allege personal involvement of either Warden Shultz or the Burlington County Freeholders. Indeed, "in order for liability to attach under § 1983, a plaintiff must show that a defendant was personally

involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). Mr. Samuels' complaint is devoid of any allegation that Warden Shultz and/or the Burlington County Freeholders either directed or were actually aware of his conditions of confinement. Therefore, Mr. Samuels' federal claims against these two defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. State Law Claims

It is not altogether clear whether Mr. Samuels is also attempting to raise state law claims against the defendants. Nevertheless, there are no more federal claims remaining. Thus, any remaining potential basis for Mr. Samuels' state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over any state law claims Mr. Mathis is pursuing in his complaint.

V. CONCLUSION

For the foregoing reasons, Mr. Samuels' federal claims against the Health Department are dismissed with prejudice for failure to state a claim upon which relief may be granted. Mr. Samuels' federal claims against the Burlington County Freeholders and Warden Shultz are dismissed without prejudice for failure to state a claim upon which relief may be granted. This

Court declines to exercise supplemental jurisdiction over any state law claims that Mr. Samuels may be pursuing in his complaint as well. Mr. Samuels shall be given thirty days in which to submit a proposed amended complaint that corrects the deficiencies of his claims that are being dismissed without prejudice should he elect to do so. An appropriate order will be entered.

DATED:  December  30, 2016

                                                    s/Robert B. Kugler  
                                                    ROBERT B. KUGLER  
                                                    United States District Judge